UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TERRY SMITH                                                                                   Plaintiff

v.                                                                        Civil Action No. 3:24-cv-744-RGJ

COMPASS GROUP USA, INC.,                                                                  Defendants
UOFL HEALTH, INC.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Terry Smith ("Smith") and Defendants Compass Group USA, Inc. ("Compass") and UofL Health, Inc. ("UofL Health") move to dismiss. [DE 10; DE 12; DE 15].[1] In the alternative Compass moves to stay the case and compel arbitration. [DE 10]. None of the parties responded or replied to any motion. This matter is ripe. For the reasons below, the Court **GRANTS IN PART** Compass's motion to stay and compel arbitration.

### I.      BACKGROUND

On December 3, 2024, Smith filed a complaint in Jefferson Circuit Court, Division 13, asserting claims against Compass and UofL Health. [DE 1-1 at 6]. The complaint asserts claims of race discrimination under Title VII of the Kentucky Civil Rights Act ("KCRA"), negligent hiring, negligent supervision, and a hostile work environment. [*Id*. at 40]. On December 26, 2024, with the consent of Compass, Defendant UofL Health removed the action to the Western District of Kentucky. [DE 1]. Compass moves to dismiss, arguing that Smith signed a mutual arbitration agreement that compels arbitration and mandates dismissal. [DE 10-1 at 45]. Compass argues in the alternative that the Court should stay these proceedings pending arbitration. [*Id*. at 130]. UofL

---

[1] The Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum.  See Local Rule 7.1.  Going forward, counsel is advised to file a unified motion.

1

Health moves to dismiss for the same reason and further argues that Smith has failed to allege the existence of an employment relationship with UofL Health, improperly pled exhaustion of administrative remedies, and failed to set forth any allegations to support his negligent hiring and supervision claims. [DE 12-1 at 92]. Smith responds to neither motion, but files his own motion to dismiss under Fed. R. Civ. P. 41(a)(2), which agrees that arbitration is mandatory and asserts that dismissal without prejudice is appropriate. [DE 15].

## II.  STANDARD

Congress enacted the United States Arbitration Act of 1925 ("FAA"), 9 U.S.C. §§ 1–16, and federal and Kentucky law favors enforcing arbitration agreements. *See Whalen v. Lord & Moses, LLC*, Case No. 09-CV-0192-JBC, 2009 WL 3766327, at *1 (E.D. Ky. Nov. 10, 2009). The FAA's purpose was to put arbitration agreements "upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Section 4 of the FAA provides that a party may petition a court to compel arbitration. FAA § 4.[2] Upon such a petition, the Court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or

---

[2] Although together Compass and UofL move to dismiss for a lack of subject matter jurisdiction under Rule 12(b)(1), (3) and (6), federal courts are split on whether a motion to dismiss based on an arbitration provision should be brought based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or for failure to state a claim upon which relief may be granted under Rule 12(b)(6). *See Powers Distrib. Co. v. Grenzebach Corp.*, No. 16-12740, 2016 WL 6611032, at *2-3 (E.D. Mich. Nov. 9, 2016) (discussing the split among district courts in the Sixth Circuit as to the proper grounds for a motion to compel arbitration and citing cases).
  While the Sixth Circuit has "not take[n] a position on these issues," it has noted with disapproval that a motion to dismiss to compel arbitration under Rule 12(b)(6) "seeks a remedy (dismissal) that the Federal Arbitration Act does not provide." *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 838 (6th Cir. 2021). Regardless, many courts simply acknowledge the dispute about how to best address motions to compel but then hold that the distinction is immaterial because, under either subsection of Rule 12, dismissal hinges on the standard defined by the FAA; whether the arbitration agreement requires the parties to submit their claims to arbitration. *Moore v. Ferrellgas*, 533 F. Supp. 2d 740, 744 (W.D. Mich. 2008). As a result, the Court need only analyze whether the arbitration agreement requires Compass, UofL, and Smith to submit their claims to arbitration.

the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. Yet, "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." *Id*. Thus, the Court first "must engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003)).

To determine whether a dispute is arbitrable, the Court first looks to whether the parties formed a valid arbitration agreement. *See Braxton v. O'Charley's Rest. Props., LLC*, 1 F. Supp. 3d 722, 725 (W.D. Ky. 2014) ("Such review, the Sixth Circuit advises, requires the Court to determine first whether a valid agreement to arbitrate exists between the parties, and second whether the specific dispute falls within the substantive scope of the agreement.") (internal citations and quotations omitted). The FAA applies to written agreements to arbitrate disputes, so long as those agreements arise out of contracts involving transactions in interstate commerce. Under its terms, such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that a district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

### III.     DISCUSSION

The parties do not dispute that the mutual arbitration agreement is valid and enforceable or that Smith's claims fall within the scope of that agreement. Indeed, all parties agree that arbitration is mandatory. [DE 10-1 at 47; DE 12-1 at 93; DE 15 at 112]. The agreement provides in part that,

> [Terry Smith] and Compass Group USA, Inc. and its subsidiaries, sectors, affiliates, and divisions (collectively, "Compass Entities") mutually agree to utilize binding

> individual arbitration as the sole and exclusive means to resolve all legal claims between us, including without limitation those that may arise out of or be related to my employment, compensation, or termination of employment, except as provided below. For all claims covered by this Agreement, I and the Compass Entities waive our rights to bring a claim against the other in a court of law and in doing so, specifically waive our rights to a jury trial or other judicial proceeding. Except as provided below, any claim, dispute, and/or controversy that I may have against the Compass Entities (or their directors, officers, employees, or agents, whether current, past, or future), or that the Compass Entities may have against me, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA").

[DE 10-3 at 61]. Given the language of the mutual arbitration agreement and the consensus of all parties, these claims are covered by the agreement and subject to mandatory arbitration.

Because Smith's claims are subject to arbitration the Court must decide whether to stay or dismiss the case. The FAA contemplates a stay of proceedings in federal court when sought by a party, rather than dismissal of the action, until the arbitration has occurred in accordance with the terms of the agreement. *See* 9 U.S.C. § 3. Yet the FAA *only* requires a court to stay proceedings pending arbitration "on application of one of the parties." *Hilton v. Midland Funding, LLC*, 687 F. App'x 515, 519 (6th Cir. 2017) (citing 9 U.S.C. § 3). Once requested, the FAA's command that a district court "shall on application of one of the parties stay the trial of the action" conveys a mandatory obligation. *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941 (6th Cir. 2021). In its motion Compass moves, in the alternative, to "stay and compel arbitration." [DE 10-1 at 47]. Courts in the Sixth Circuit treat a request to stay to compel arbitration as a mandatory obligation even when the request is made in the alternate to a motion to dismiss. *Finchum v. Spring Commc'ns Holding, Inc.*, No. 3:19-CV-348, 2019 WL 3531797, at *3 (M.D. Tenn. Aug. 2, 2019). Since the mutual arbitration agreement is binding and Compass moves to stay, the Court *must* grant a stay pending arbitration. As such all remaining motions to dismiss [DE 10; DE 12; DE 15] are rendered moot. *Ross v. Nissan of N. Am.*, Inc., 728 F. Supp. 3d 841, 854 (M.D. Tenn. 2024).

4

All of Smith's claims fall within the mutual arbitration agreement, and as such the Court will stay all claims pending arbitration. The Court need not address the remaining arguments in UofL's motion to dismiss, and it would be inappropriate to do so. *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)) ("A court has no business weighing the merits of the grievance because the agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.") (internal quotations omitted). Compass's motion to dismiss, or alternatively, stay and compel arbitration is **GRANTED in part** as it relates to staying all claims pending arbitration. All remaining motions to dismiss [DE 10; DE 12; DE 15] are **DENIED as moot.**

### IV.   CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Compass's Motion to Stay and Compel Arbitration [DE 10] is **GRANTED IN PART insofar as it seeks to stay this matter to compel arbitration**

2. Compass's Motion to Dismiss [DE 10] is **DENIED in part as moot** insofar as it seeks dismissal of any claims

3. UofL Health's Motion to Dismiss [DE 12] is **DENIED as moot**

4. Smith's Motion to Dismiss [DE 15] is **DENIED as moot**

5. This case is stayed pending arbitration.

6. The parties shall file a written notice in the record notifying the Court when the arbitration is commenced.  This notice shall be filed within 10 days of commencing arbitration.

7. The parties shall file a status report on **December 5, 2025** and every six months thereafter until the arbitration is concluded.

8. The parties shall notify the Court within 20 days when arbitration is completed and advise as to next steps.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

June 4, 2025